IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RONNIE EUGENE WILLIAMS,<br>Petitioner, | : <br> : <br> : | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2241 |
| v. | : <br> : | |
| HOMER BRYSON,<br>Respondent. | : <br> : | CIVIL ACTION NO.<br>1:15-CV-2787-TWT-LTW |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner is confined at Georgia State Prison in Reidsville, Georgia. (Doc. 1.) Petitioner, pro se, filed a complaint under 42 U.S.C. § 1983 but, as explained below, his complaint is properly construed as a petition for a writ of habeas corpus. (*See id.*)

Petitioner states that he was sentenced to fifteen years' imprisonment in 1991 and was then paroled in 1993. (*Id.* at 3-6.) Later in 1993, Petitioner was convicted of burglary and sentenced to twenty years' imprisonment. (*Id.* at 3-6.) Petitioner contends that he is unlawfully confined in violation of his constitutional right to due process because he has completed that twenty year sentence and has not received credit for the remaining portion of the fifteen-year sentence for which he was paroled. (*Id.*) Petitioner claims that he is being "confine[d] beyond the term of his sentence" and seeks "immediate release from confinement." (*Id.* at 9-10.)

Because Petitioner challenges the execution of his sentence and seeks immediate release, his complaint is properly construed as a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241; *Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement). Petitioner's challenge to the execution of his sentence is properly considered under § 2241, the general habeas statute. *See Williams v. Pearson*, 197 F. App'x 872, 876 (11th Cir. 2006); *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000).

The proper respondent to a § 2241 habeas action is the prisoner's "immediate physical custodian," i.e., the prison warden. *Rumsfeld v. Padilla*, 542 U.S. 426, 444-47 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). This Court does not have jurisdiction over the warden where Petitioner is confined because the prison is located in Tattnall County Georgia. *See* 28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by the . . . district courts . . . within their respective jurisdictions."); *Rumsfeld*, 542 U.S. at 444-47; *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the

district in which the inmate is incarcerated."). Tattnall County is within the jurisdiction of the U.S. District Court for the Southern District of Georgia. The undersigned finds it in the interest of justice to transfer this action to that court. *See* 28 U.S.C. § 1404(a).

Accordingly, the Clerk is **DIRECTED** to reflect on the docket that this is a habeas action under 28 U.S.C. § 2241. The undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the U.S. District Court for the Southern District of Georgia, Statesboro Division for further proceedings.

**SO ORDERED & RECOMMENDED**, this 10 day of August, 2015.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

3