# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| RONNIE EUGENE WILLIAMS, | |
| Plaintiff, | CIVIL ACTION NO.: 6:15-cv-111 |
| v. | |
| HOMER BYSON, Department of Corrections, | |
| Defendant. | |

## **O R D E R**

Ronnie Eugene Williams (hereinafter "Williams") an inmate at Georgia State Prison in Reidsville, Georgia, filed a complaint with the United States District Court for the Northern District of Georgia on August 6, 2015. (Doc. 1). Williams contemporaneously filed an Affidavit and Application to Proceed Without Prepayment of Fees. (Doc. 2.) The Northern District of Georgia in its August 10, 2015 Order and Report and Recommendation determined that Williams' complaint should be properly characterized as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. (Doc. 3.) The Order directed the Clerk for the Northern District of Georgia to change the case to a habeas action under 28 U.S.C. § 2241 and recommended that Williams' case be transferred to this Court. Id. After the Magistrate Judge ordered service of the Report and Recommendation and without any Objections filed, the present case was transferred by Order dated September 15, 2015, for further proceedings before this Court. (Doc. 5.)

"Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 Fed. Appx. 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540

U.S. 375, 381, 124 S. Ct. 786, 791, 157 L. Ed. 2d 778 (2003)). This Court may "recharacterize a pro se litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis." Rameses v. U.S. Dist. Court, 523 F. App'x 691, 694 (11th Cir. 2013). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381-82, 124 S. Ct. at 791-92).

This ability to re-characterize is limited, particularly when a court recharacterizes a pleading filed by a *pro se* litigant as a first section 2241 motion. Prior to such re-characterization, the court

> must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 22[41] motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or amend it so that it contains all the § 22[41] claims he believed he has.

Castro, 540 U.S. at 383, 124 S. Ct. at 792.

After reviewing Williams's pleading (doc. 1), the Northern District of Georgia determined and this Court concurs that his claims are more appropriately deemed as being brought pursuant to Section 2241 and not Section 1983. Williams seeks to challenge the execution of his state sentence, not the conditions of his confinement, and "a state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus." Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir.2003). However,

Williams is advised that any future Section 2241 motions he may file will be subject to certain procedural restrictions[1] applicable to Section 2241 motions.

THEREFORE, IT IS HEREBY ORDERED that Williams shall have **twenty-one (21) days** from the date of this Order to notify the Court if he wishes to proceed with this case now that it has been converted to a 28 U.S.C. § 2241 action. Should Williams choose to proceed, he may amend his pleading to set forth all of the claims he has pursuant to Section 2241 and to elaborate on these claims by setting forth facts in support of those claims. **If Williams does not timely advise the Court that he wishes to proceed, this case will be dismissed without prejudice**. At this time, the Court will **DEFER** ruling on Williams' Affidavit and Application to Proceed Without Prepayment of Fees (doc. 2).

IT IS FURTHER ORDERED that the Clerk is hereby DIRECTED to provide Williams with the proper packet of forms for proceeding with his claim pursuant to 28 U.S.C. § 2241 to include an application to proceed without prepayment of fees. Williams is urged to read and follow all of the instructions included in the packet from the Clerk.

**SO ORDERED**, this 21st day of October, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); see also 28 U.S.C. § 2244(b)(3)(A), which notes that an applicant must move the appropriate court of appeals for an order authorizing the district court to consider an application for habeas relief before a second or successive application will be allowed.