IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

RONNIE EUGENE WILLIAMS,

    Petitioner,

v.

HOMER BYSON,

    Respondent.

CIVIL ACTION NO.: 6:15-cv-111

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Ronnie Eugene Williams ("Williams"), who is currently housed at Georgia State Prison in Reidsville, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 contesting the execution of his sentence on convictions obtained in Chatham County, Georgia, Superior Court. Williams also filed a Motion to Proceed *In Forma Pauperis*. Williams' Motion is **DENIED**. For the reasons which follow, it is my **RECOMMENDATION** that Williams' Petition be **DISMISSED**. I also **RECOMMEND** that Williams be **DENIED** a Certificate of Appealability and **DENIED** *in forma pauperis* status on appeal.

BACKGROUND

Williams, who is an inmate at Georgia State Prison in Reidsville, Georgia, filed a complaint with the United States District Court for the Northern District of Georgia on August 6, 2015. (Doc. 1). Williams contemporaneously filed an Affidavit and Application to Proceed Without Prepayment of Fees. (Doc. 2.) The Northern District of Georgia, in its August 10, 2015, Order and Report and Recommendation, determined that Williams' complaint should be properly characterized as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.

(Doc. 3.) The Order directed the Clerk for the Northern District of Georgia to change the case to a habeas action and recommended that Williams' case be transferred to this Court. Id. After the Magistrate Judge ordered service of the Report and Recommendation and without any Objections filed, the present case was transferred by Order dated September 15, 2015, for further proceedings before this Court. (Doc. 5.)

On October 21, 2015, the Court notified Williams that his complaint had been recharacterized as a habeas petition, as well as the implications of that recharacterization, and inquired if he wanted to proceed with this action. (Doc. 7.) On November 9, 2015, Williams responded that he indeed wished to proceed with this case as a habeas corpus action. (Doc. 8.) Williams also filed an Amended Petition. (Doc. 9.) Therein, he claims that he has fully served his twenty year sentence for a burglary conviction. In support of this claim, he cites Balkcom v. Jackson, 219 Ga. 59 (1963), and O.C.G.A. § 42-9-51, as well as the Fourteenth Amendment to the United States Constitution. Id.

Williams' Amended Petition also included a copy of a Report and Recommendation from Magistrate Judge G.R. Smith of this Court in a prior action. (Doc. 9-1, pp. 4–11.) That Report and Recommendation, issued on July 20, 2015, directly addressed the same claims that Williams now attempts to raise through this case. See R. & R., Williams v. Toole, Case No. 4:14-CV-88, (S.D. Ga. July 20, 2015), ECF No. 16. As in the instant case, in his prior petition, Williams claimed that he remained in prison despite serving his entire state sentence for burglary. (Id. at p. 1.) After recounting the procedural history of Williams' burglary convictions and state habeas proceedings, Judge Smith specifically rejected Williams' claims his sentence had been improperly calculated pursuant to Balkcom and O.C.G.A. § 42-9-51 and also disposed of Williams' claim that his continued imprisonment violates the Fourteenth Amendment. Id. Judge

2

Smith explained that, even when interpreting Balkcom most favorably to Williams, "Williams' sentence should not end until 2026." Id. at p. 7. Judge Smith concluded that ample evidence supported the state habeas court's determination that Williams' 1994 sentence did not begin to run until 2005. Id. On October 7, 2015, District Judge William T. Moore, Jr., overruled Williams' Objections and adopted Judge Smith's Report and Recommendation as the opinion of this Court and entered judgment dismissing Williams' Petition. Order & J., Williams v. Toole, Case No. 4:14-CV-88 (S.D. Ga. Oct. 7, 2015), ECF Nos. 19, 20.

**I.    Dismissal as Unauthorized Second or Successive Petition**

Pursuant to Rule 4 of the Rules governing petitions brought under 28 U.S.C. § 2254:

> The clerk must promptly forward the petition to a judge . . ., and the judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.[1]

Before a second or successive application is filed in a district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis supplied). See also Rule 9, Rules Governing Section 2254 Cases (2011). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. Burton v. Stewart, 549 U.S. 147 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition since prisoner did not obtain order authorizing him to file the petition); Fugate v. Dep't of Corr., 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

This "gatekeeping" requirement transfers a second or successive application from the district court to the court of appeals, pursuant to 28 U.S.C. §1631, as a motion for authorization

---

[1] The Court applies Rule 4 to this case brought pursuant to 28 U.S.C. § 2241 pursuant to Rule 1(b) of the Rules governing petitions brought under 28 U.S.C. § 2254 which provides that the Court "may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

3

to proceed in district court. See Felker v. Turpin, 518 U.S. 651, 664 (1996). "If applicable, section 1631 authorizes a transfer that is in the interest of justice." Guenther v. Holt, 173 F.3d 1328, 1330–31 (11th Cir. 1999). However, a transfer may not be authorized in certain instances, as set forth in 28 U.S.C. § 2244(b). This Section provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall* be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed, *unless*:
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(emphases added).

A dismissal with prejudice of a prior petition makes any subsequent petition second or successive. Guenther, 173 F.3d at 1329. Judge Moore clearly dismissed Williams' prior petition with prejudice. Furthermore, Williams' Amended Petition in this action, (doc. 9), was filed after that dismissal on the merits and presents the same arguments that this Court has already rejected. Williams has failed to move the Eleventh Circuit Court of Appeals for an order authorizing this Court to entertain his second or successive petition. 28 U.S.C. § 2244(b)(3). This Court should not transfer this petition to the Court of Appeals because Williams' Petition is barred under the

gatekeeping provision of Section 2244(b)(3)(A). The claims for relief in this cause of action would be dismissed pursuant to 28 U.S.C. § 2244(b)(1).

The Court notes that Williams' prior petition had not yet been dismissed by Judge Moore when his current case was transferred to this Court. Generally, "when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion." Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002).[2] However, Williams did not file his Amended Petition and assert that he wanted his current action to proceed as a habeas petition until November 9, 2015, approximately a month after Judge Moore had already dismissed his prior petition. "[A]t this time, moreover, the initial § 2255 motion is no longer pending anywhere, and it would make no sense to remand and direct the district court to treat the [second petition] as a motion to amend an initial § 2255 motion that no longer exists." United States v. Terrell, 141 F. App'x 849, 852 (11th Cir. 2005). Because Williams' initial Section 2254 Petition had been dismissed prior to his filing of his Amended Petition in this case, his recent Petition should be treated as an unauthorized second or successive habeas petition.

To the extent that Williams were to argue that his Petition is brought pursuant to Section 2241 and, therefore, not subject to the restrictions of Section 2254 (including the restriction on second or successive petitions) because he is challenging the execution of his sentence and not its validity, that argument must fail. Williams is not challenging the execution of his sentence (i.e., the manner in which his sentence is being carried out); rather, he is challenging the very fact of his confinement, claiming that he is in custody in violation of the

---

[2] Ching addressed a petition for habeas relief under 28 U.S.C. § 2254. "Because of the similarities between the provisions governing second or successive petitions under § 2254 and second or successive motions under § 2255, precedent interpreting one of these parallel restrictions is instructive for interpreting its counterpart." Stewart v. United States, 646 F.3d 856, 860 n.6 (11th Cir. 2011)

5

Constitution. See 28 U.S.C. § 2254(a). Moreover, Williams is "in custody pursuant to the judgment of a State court." Id. Thus, his Petition is subject to both Section 2241 and Section 2254 with these provisions' attendant restrictions. Thomas v. Crosby, 371 F.3d 782, 787–88 (11th Cir. 2004) (state prisoner's habeas petition, filed on the Section 2241 form and which challenged the state parole commission's setting of prisoner's presumptive parole release date, was properly brought under Section 2241 but was subject to the rules and restrictions of Section 2254, because the prisoner was in custody pursuant to the judgment of a state court); Medberry v. Crosby, 351 F.3d 1049 (11th Cir. 2003) (state prisoner's habeas petition which challenged prison disciplinary actions was subject to both Section 2241 and Section 2254, because the prisoner was in custody pursuant to the judgment of a state court). Williams "cannot evade the procedural requirements of Section 2254 by filing something purporting to be a Section 2241 petition." Thomas, 371 F.3d at 787.

## II.     Dismissal on the Merits

Even assuming Williams' Petition were authorized procedurally, it is meritless substantively. Again, Williams raises the same arguments in the instant Petition that Judge Moore and Judge Smith already rejected when dismissing his prior petition. The undersigned fully concurs with the analysis in Judge Smith's Report and Recommendation. The Court need not restate that analysis at length in dismissing the instant Petition and need only adopt that analysis in this case. Accordingly, it plainly appears from the petition and any attached exhibits that Williams is not entitled to relief in this Court. For the reasons already stated in Judge Smith's Report and Recommendation, the instant Petition should be **DISMISSED**.

**III.    Leave to Appeal *In Forma Pauperis* and Certificate of Appealability**

The Court should also deny Williams leave to appeal *in forma pauperis,* and he should be denied a Certificate of Appealability ("COA"). Though Williams has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken in forma pauperis if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a

constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Williams' pleadings and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that Williams' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED** and that this case be **CLOSED**. I also **RECOMMEND** that Williams be **DENIED** a Certificate of Appealability and be **DENIED** *in forma pauperis* status on appeal.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within **fourteen (14) days** of the date on which this Report and

Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Williams.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 13th day of November, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA